collected the proceeds thereon, it appearing that such agent admitted that he had received such note and mortgage and that he had sent them to two different banks for collection.

---

## The People of the State of Illinois ex rel. Tillie Wolf, Defendant in Error, v. John Zinz, Plaintiff in Error.

### Gen. No. 21,449.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH SABATH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed March 28, 1916.

### Statement of the Case.

Prosecution by the People of the State of Illinois on the relation of Tillie Wolf against John Zinz, defendant, for bastardy. From a verdict finding defendant the father of the child of relatrix and judgment thereon, defendant brings error.

The child was born on December 23, 1914. The relatrix testified that she became pregnant during April, 1914; that she had sexual intercourse with defendant on the first Sunday of that month, and about four weeks prior thereto. Defendant testified that for a period of time prior to September 26, 1912, he sustained illicit relations with the relatrix, but did not see her thereafter until May 6, 1914, when he again had sexual intercourse with her. There was evidence tending to corroborate the testimony of relatrix.

SALTIEL & ROSSEN, for plaintiff in error.

MACLAY HOYNE, for defendant in error; EDWARD E. WILSON, of counsel.

MR. JUSTICE McGOORTY delivered the opinion of the court.

### Abstract of the Decision.

1.  BASTARDS, § 22*—*when evidence sufficient to establish case.* A prosecution for bastardy is not a criminal proceeding, and it is only necessary to establish such case by a preponderance of the evidence.

2.  BASTARDS, § 22*—*when evidence sufficient to sustain verdict as to parentage of child.* On a prosecution for bastardy, evidence *held* sufficient to sustain the verdict finding defendant father of child of relatrix.

3.  NEW TRIAL, § 79*—*when motion for new trial on ground of newly-discovered evidence properly overruled.* Where evidence was known to defendant before the trial and no explanation given by him to explain his failure to offer such evidence during the trial, it is not error to overrule a motion for a new trial on the ground of newly-discovered evidence.

---

**The People of the State of Illinois ex rel. Annie Jorczik, Defendant in Error, v. George Garines, Plaintiff in Error.**

**Gen. No. 21,596.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and remanded. Opinion filed March 28, 1916.

### Statement of the Case.

Prosecution by the People of the State of Illinois on the relation of Annie Jorczik against George Garines, defendant, for bastardy. From a judgment on verdict finding him the father of the bastard child of relatrix, defendant brings error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.